No. ——

First Circuit

---

## GOURNAY v. PRATHER

---

(May 4, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 558, 759.**
Correction of former judgment allowing claim of intervenor for labor employed in the cutting and harvesting of defendant's crop.

R. L. Garland, of Opelousas, attorney for plaintiff.

P. R. Sandoz, of Opelousas, attorney for defendant.

H. G. Brunson, of Opelousas, attorney for intervenor.

### ON REHEARING

MOUTON, J. A rehearing was granted in this case, but was restricted to the question of the rank of the privilege claimed by L. O. Wade, intervenor, who contends he is entitled to a privilege, priming all the other liens asserted herein, for the sum of $152.75 representing claims for labor employed in the gathering and harvesting of defendant's crop. In his brief on rehearing counsel for intervenor refers to pages 179, 180, 181, 182, 183, 193, 194 and 195 of the record which he says show that he should recover in the amount above stated as subrogee to the privilege of laborers.

It appears from these pages of the record by documentary assignments that intervenor acquired a number of claims from laborers in small amounts aggregating a total of $23.25, and not $152.75 for which he contends.

We find in the record an assignment of a claim by Hundley to intervenor for $129.50 which if added to the total of $23.25 for the various items above referred to, would amount to the sum of $152.75 that intervenor contends is due him, and says should be classified as a privilege of the first rank. The record shows that this sum of $129.50 was loaned to defendant to assist him in harvesting his crop. Hundley merely advanced this sum to the defendant, and did not know if it was used to pay the wages of laborers to save the crop or not. The fact is that defendant did not testify that it had been used for that purpose. It is certain that there is no evidence to show that Hundley ever

used the money to pay any laborers, or that any of these ever transferred to him their claim for wages against defendant as was done by the other laborers for the various items constituting the aggregate amount of $23.25 hereinabove referred to. Intervenor is entitled for this amount to a first privilege in this case, but not for $152.75 as claimed by him.

Our original judgment and that of the district judge will have to be amended to conform with these views. Deducting the amount of $23.25 from the sum of $437.10 originally allowed intervenor on the basis of a concurrent privilege, leaves a balance of $413.85 thereof in his favor.

It is therefore ordered, adjudged and decreed, that our original decree and that of the district court be amended by decreeing in favor of L. O. Wade, intervenor, a first privilege in the sum of twenty-three and 25-100 ($23.25) dollars on the crop of defendant seized herein, and that he be paid said amount from the proceeds thereof in preference and priority to the other creditors in this case; and that a concurrent privilege be and is hereby recognized in his favor in the sum of four hundred and thirteen 85-100 dollars ($413.85) instead of $437.10 originally decreed; and as amended the judgment be affirmed.